LAW OFFICES OF CHRISTIAN J. GARRIS
CHRISTIAN J. GARRIS  SBN 175808
633 West Fifth Street, 28th Floor
Los Angeles, California 90071
Telephone: (213) 624-2900
Facsimile: (213) 624-2901
Email: cjg@christiangarris.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER HELMAN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AETNA LIFE INSURANCE COMPANY and DOES 1-10, inclusive,<br><br>Defendants. | Case No. CV17-00975<br><br>**COMPLAINT FOR:**<br><br>**BREACH OF PLAN (RECOVERY OF PLAN BENEFITS)** |

1. CHRISTOPHER HELMAN ("Plaintiff") complains and alleges:

### INTRODUCTORY ALLEGATIONS

2. This Court's jurisdiction is invoked pursuant to 29 U.S.C. § 1132(e). Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Alternatively, Plaintiff's claims arise in part under ERISA and in part under state law claims falling within the pendent or supplemental jurisdiction of this Court, deriving from a common nucleus of operative facts.

3. Venue is properly within the Central District of California pursuant to

**Complaint**

29 U.S.C. § 1132(e)(2), because the acts complained of have occurred within this District, because the breach took place within this district, and because the ends of justice so require.

4. This action seeks damages for the denial of health insurance benefits under a group health insurance plan ("the Plan") established by United Airlines and Defendants under which Plaintiff is a plan participant by virtue of his employment. AETNA LIFE INSURANCE COMPANY ("Aetna") is the insurer and administrator of the Plan.

5. Plaintiff seeks benefits, attorneys' fees and costs, and other appropriate relief for the improper, erroneous, and illegal denial of health benefits owed to Plaintiff, as a participant and beneficiary of the Plan.

6. At all relevant times, the Plan was an employee welfare benefit plan that provided Plaintiff with PPO health insurance coverage. The Plan that is the subject of this action is and was an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) sponsored by and established for the purpose of providing peace of mind and security to its participants.

## THE PARTIES AND THEIR RELATIONSHIPS

7. CHRISTOPHER HELMAN ("Plaintiff") is, and at all times herein mentioned was, a resident and citizen of the County of Los Angeles, State of California.

8. Aetna is an insurance company authorized and licensed to conduct, and is indeed conducting, the business of insurance in the State of California. Plaintiff is informed and believes, and thereon alleges, that Aetna is a corporation domiciled in State of Connecticut, with its principal place of business in the State of California, County of Los Angeles.

9. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Does 1 through 10, inclusive, are unknown

to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of Defendants designated herein as a Doe is legally responsible in some manner for the events and happenings referred to herein and legally caused injury and damages proximately to Plaintiff. Plaintiff will seek leave of this Court to amend this Complaint to insert their true names and capacities in place of and instead of the fictitious names when they become known to Plaintiff.

10. Defendants' conduct described herein was undertaken by the corporate Defendants' officers and managing agents, identified herein as Does 1 through 10, who were and are responsible for claims supervision and operations, underwriting, communications, and decision making. The aforesaid conduct of these managing agents and individuals was therefore undertaken on behalf of Defendants. Defendants had advance knowledge of the actions and conduct of these individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as Does 1 through 10, inclusive.

11. At all times herein mentioned, unless otherwise specified, Defendants and Does 1 through 10 were the agents and employees of each other, and were at all times acting within the purpose and scope of said agency and employment, and each such Defendant has ratified and approved the acts of his agent.

## FACTUAL BACKGROUND

12. The Plan promises to provide reimbursement for medical expenses incurred by plan participants, subject to terms and conditions set forth in the Plan documents.

13. Plaintiff has been at all relevant times herein a participant and beneficiary in the Plan.

14. All of the medical expenses incurred that are at issue in this action were covered and medically necessary under the terms of the Plan and applicable law.

15. Plaintiff is an eligible participant under the Plan.

16. On or about August 8, 2016, Plaintiff was diagnosed with prostate cancer. Plaintiff requested and obtained authorization to undergo Focal Laser Ablation to treat the cancer.

17. Plaintiff incurred approximately $30,000 in medical expenses.

18. On or about October 15, 2015, Plaintiff underwent Focal Laser Ablation to treat his prostate cancer under the care of Dan Sperling, M.D., who was successful in eliminating the cancer.

19. On or about October 15, 2015, Aetna denied the claim in its entirety.

20. Plaintiff appealed the denial of his claim.

21. On June 2, 2016, Aetna rejected Plaintiff's appeal.

22. On or about August 8, 2016, Aetna rejected Plaintiff's final appeal.

23. On or about January 18, 2017, Dr. Sperling wrote:

> Mr. Helman is a 53-year-old male who was diagnosed with Adenocarcinoma of the prostate gland. On October 15, 2015 Mr. Helman received MRI Guided Focal Laser Ablation to destroy small-volume prostate cancer. The cancer was confined completely within the prostate gland. There was no evidence for local extension or metastatic disease during Mr. Helman's 1 year MRI follow up visit. His PSA also dropped drastically from 7.0 to 2.8 after treatment. Prognosis is good and he will repeat PSA and MRI yearly for preventative care.

24. Defendants refused to make any payment on the claim.

# FIRST CAUSE OF ACTION

# FOR BREACH OF PLAN AND RECOVERY OF PLAN BENEFITS

### (Against All Defendants)

25. The allegations contained in all previous paragraphs are incorporated herein by reference as though set forth in full.

26. The Plan promises to provide reimbursement for medical expenses incurred by plan participants, subject to terms and conditions set forth in the Plan documents.

27. Plaintiff has been at all relevant times herein a participant and beneficiary in the Plan.

28. All of the medical expenses incurred that are at issue in this action were covered and medically necessary under the terms of the Plan and applicable law.

29. Plaintiff is an eligible participant under the Plan.

30. On or about August 8, 2016, Plaintiff was diagnosed with prostate cancer. Plaintiff requested and obtained authorization to undergo Focal Laser Ablation to treat the cancer.

31. Plaintiff incurred approximately $30,000 in medical expenses.

32. On or about October 15, 2015, Plaintiff underwent Focal Laser Ablation to treat his prostate cancer under the care of Dan Sperling, M.D., who was successful in eliminating the cancer.

33. On or about October 15, 2015, Aetna denied the claim in its entirety.

34. Plaintiff appealed the denial of his claim.

35. On June 2, 2016, Aetna rejected Plaintiff's appeal.

36. On or about August 8, 2016, Aetna rejected Plaintiff's final appeal.

37. On or about January 18, 2017, Dr. Sperling wrote:

> Mr. Helman is a 53-year-old male who was diagnosed with Adenocarcinoma of the prostate gland. On October 15, 2015 Mr.

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

1  Helman received MRI Guided Focal Laser Ablation to destroy small-
2  volume prostate cancer. The cancer was confined completely within
3  the prostate gland. There was no evidence for local extension or
4  metastatic disease during Mr. Helman's 1 year MRI follow up visit.
5  His PSA also dropped drastically from 7.0 to 2.8 after treatment.
6  Prognosis is good and he will repeat PSA and MRI yearly for
7  preventative care.

8  38. Defendants refused to make any payment on the claim.

9  39. The treatment at issue that was denied took place within the
10 jurisdiction of the above-entitled Court.

11 40. The Plan calls for performance within the jurisdiction of the above-
12 entitled Court.

13 41. Plaintiff has pursued and exhausted all administrative appeals, which
14 the Plan and Defendants have denied.

15 42. Defendants' denial was without just cause.

16 43. As a direct and proximate result of Defendants' refusal to honor the
17 terms of the Plan, Plaintiff has suffered contractual damages under the Plan and
18 other incidental damages and out-of-pocket expenses, including attorney fees and
19 costs, all in a sum to be determined at the time of trial.

20

## PRAYER FOR RELIEF

22 WHEREFORE, Plaintiff prays for judgment as follows:

23 1. For benefits payable under the Plan to reimburse Plaintiff, a
24 participant of the Plan, in the amount of the total of the medical bills incurred by
25 Plaintiff plus interest and costs;

26 2. For reasonable attorneys' fees and costs pursuant to 29 U.S.C. §
27 1132(g)(1);

28 3. For pre-judgment and post-judgment interest at the appropriate rate;

and

4. For such other relief as the Court deems appropriate.

Dated: February 7, 2017         LAW OFFICES OF CHRISTIAN J. GARRIS

By:_____
Christian J. Garris, Esq.

Attorneys for Plaintiff

law offices of christian j. garris
633 west fifth street, 28th floor
los angeles, california 90071
tel 213.624.2900
fax 213.624.2901

— 7 —
**Complaint**